UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GARY TETLEY, THOMAS R. SEILER, GEORGE
NUNEZ, BRIAN E. McCROSSIN and THOMAS W.
SEILER, on behalf of themselves and all others
similarly situated,

21 Civ. 3800

**CLASS ACTION COMPLAINT**

Plaintiffs,

-against-

JOHNSON CONTROLS FIRE PROTECTION LP
d/b/a JOHNSON CONTROLS,

Defendant.
------------------------------------------------------------------X

Plaintiffs, GARY TETLEY, THOMAS R. SEILER, GEORGE NUNEZ, BRIAN E. MCCROSSIN and THOMAS W. SEILER ("Plaintiffs"), by their attorneys, Menken Simpson & Rozger LLP, on behalf of themselves and all others similarly situated, allege as follows:

**PRELIMINARY STATEMENT**

1. Plaintiffs are construction workers currently or formerly employed by Johnson Controls Fire Protection LP ("Johnson Controls") who performed sprinkler service work on private and public job sites throughout the City of New York.

2. Plaintiffs frequently worked more than 40 hours per week and were not paid time-and-one-half their regular rate of pay for the hours they worked over 40 in a week.

3. Plaintiffs repaired and serviced sprinkler systems in and on publicly-financed construction projects such as Queens College, Lehman College, NYC Department of Corrections, NYS Developmental Disabilities Service Facilities, NYS Office of Mental Health, Jacoby Hospital, Bellevue Hospital, Hunter College, The Big Apple Economic Developmental Corporation, Metropolitan Transportation Authority, Triborough Bridge and Tunnel Authority

1

and State University of New York Downstate Medical Center.

4. Plaintiffs were not paid the total amount of prevailing wages and supplemental benefits for the occupation "Steam Fitter" in New York City according to the New York City Prevailing Wage Schedules, as required by statutorily required contractual terms set forth in New York Labor Law ("NYLL") § 220.

5. Plaintiffs bring this action on behalf of themselves and all similarly situated former and current employees of Defendant Johnson Controls who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.* and specifically the collective action provision of the FLSA, 29 U.S.C. § 216(b), to remedy violations of the wage and hour provisions of the FLSA that have deprived Plaintiffs and others similarly situated of their lawful wages, including overtime for all hours worked in excess of forty in a week.

6. Plaintiffs also bring this action on behalf of themselves and a class of similarly situated former and current employees of Defendant Johnson Controls, pursuant to Fed. R. Civ. P. 23, for unpaid wages, including unpaid overtime wages for their hours worked in excess of forty per week, pursuant to the NYLL §§ 190 *et seq.*, New York Labor Law Article 12 and its supporting regulations 12 N.Y.C.R.R. 142-2.2.

**7.** Plaintiffs also bring this action on behalf of themselves and a class of similarly situated current and former employees of Defendant Johnson Controls, under Fed. R. Civ. P. 23, as third party beneficiaries of Defendant's prevailing wage contracts. Defendant failed to comply with the statutorily-required provision of all publicly-financed contracts entered into in the State of New York to abide by NYLL § 220, requiring the proper payment of prevailing wages and supplemental benefits as set by the New York City Comptroller.

**JURISDICTION AND VENUE**

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiff's state and common law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiff's federal claims under the FLSA pursuant to 29 U.S.C. § 216(b).

9. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. Sec. 1391(b)(1), as Defendant conducts business in this district to a sufficient degree to be considered a resident of this district, pursuant to 28 U.S.C. § 1391(d).

10. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. Sec. 2201 and 2202.

**PARTIES**

11. Plaintiffs Nunez and McCrossin are residents of New York. Nunez was recently separated from Johnson Controls after a lengthy career at the company and the company it merged with, SimplexGrinnell LP. McCrossin has worked for Johnson Controls and SimplexGrinnell LP since 1990 and continues on the job. They are both steam fitters who service and repair sprinkler systems in private and public buildings.

12. Plaintiffs Tetley, Thomas R. Seiler and Thomas W. Seiler are residents of New Jersey. Tetley and Thomas R. Seiler were recently separated from Johnson Controls after long careers at the company and the company it merged with, SimplexGrinnell LP, (25 years for Tetley and 6 years for Seiler) working as steam fitters for the company and the company it acquired, SimplexGrinnell LP. Thomas W. Seiler has worked for Johnson Controls and before that SimplexGrinnell LP for many years and remains on the job. Like Nunez and McCrossin, Tetley and the Seilers are trained and experienced steam fitters who service and repair sprinkler

systems in private and public buildings.

13. At all times relevant to this Complaint, Plaintiffs and other members of the putative class were employees of Johnson Controls, within the meaning of the FLSA, 29 USC § 203(e) and the NYLL § 190(2), and were laborers, workers, or mechanics within the meaning of NYLL § 220.

14. Defendant Johnson Controls Fire Protection LP, a/k/a Johnson Controls is a Delaware limited partnership with its principal places of business in Milwaukee, Wisconsin, Boca Raton, Florida and Westminster, Massachusetts.

15. Johnson Controls is one of the leading companies that provide fire suppression services to private and public customers. It manufactures, configures, installs, services and maintains various fire suppression systems including sprinklers and valves, extinguishers and agents, special hazards systems, related components and fittings.

16. Johnson Controls is a part of the multinational conglomerate Johnson Controls International plc located in Cork, Ireland. The conglomerate is traded on the New York Stock Exchange and reported $31 billion in revenues in 2018.

17. Johnson Controls merged with SimplexGrinnell LP in September 2016 and since then has provided and continued to provide fire suppression and sprinkler fitting services as both subcontractor and prime contractor on numerous public works projects and private projects throughout the City and State of New York during the relevant period.

18. Upon information and belief, as a result of the merger, Defendant Johnson Controls is legally and financially responsible for any wage violations committed by SimplexGrinnell LP from six years prior to the filing of this action until on or about September 6, 2016 when the merger with Johnson Controls took place.

## **CLASS ALLEGATIONS**

### FLSA Collective Action

19.     Plaintiffs bring their FLSA claims on behalf of themselves and all similarly situated persons who work or have worked for Johnson Controls and/or its merger partner SimplexGrinnell LP performing sprinkler service work and who did not receive overtime pay at the rate of time and one-half their regular rate of pay for all hours worked in excess of forty in a workweek on public projects ("FLSA Collective Action").

20.     Defendant Johnson Controls is liable under the FLSA for, *inter alia*, failing to properly compensate Plaintiffs, and as such, notice should be sent to the FLSA Class. Upon information and belief, there are at least 40 similarly situated current and former employees of Johnson Controls who have been similarly underpaid in violation of the FLSA and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join.

### Rule 23 Class Action

21.     Plaintiffs bring their New York Labor Law claim and breach of contract claim on their own behalf and on behalf of a class of persons under Rule 23 of the Federal Rules of Civil Procedure consisting of all employees of Johnson Controls and/or its merger partner SimplexGrinnell LP who performed sprinkler service work and who failed to receive overtime compensation at their regular rate of pay for all hours worked in excess of 40 in a work week on public projects and who failed to receive the proper prevailing wage and supplemental benefits rate, as set by the New York City Prevailing Wage Schedule, for any and all hours worked on publicly financed construction projects at any time during the six years prior to the filing of this case or between filing and the entry of judgment in this case ("Rule 23 Class").

22. The persons in the class identified above are so numerous that joinder of all members is impracticable. Although the precise number of such persons is presently unknown to Plaintiffs, and calculation of such numbers would require facts in the sole control of Defendant, upon information and belief, there are more than 40 members of the class during the class period.

23. The claims of Plaintiffs are typical of the claims of the Rule 23 Class.

24. Plaintiffs will fairly and adequately protect the interests of the Rule 23 Class.

25. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants. The members of the Rule 23 Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices and procedures. Although the relative damages suffered by individual class members are not *de minimus*, such damages are small compared to the expense and burden of individual prosecution of this litigation. In addition, class certification is superior because it will obviate the need for unduly duplicative litigation which might result in inconsistent judgments about Defendant's practices.

26. Defendant has acted on grounds generally applicable to the Rule 23 Class, thereby making declaratory relief appropriate for the class.

27. There are questions of law and fact common to the class, which predominate over any questions solely affecting individual members of the class, including:

    a. whether Defendant failed to keep true and accurate time records for all hours worked by Plaintiffs and the Rule 23 Class;

    b. whether Defendant failed to pay Plaintiffs and the Rule 23 Class overtime

        wages at a wage rate of one and one-half times their lawful regular rate of pay within the meaning of the New York Labor Law Article 12 and the supporting New York State Department of Labor Regulations, 12 NYCRR 142-2.2;

    c.    whether Defendant entered into certain contracts or subcontracts with or through various municipal and state government agencies, including but not limited to DDSO, NYSOMH, SUNY, MTA and TBTA, to provide sprinkler service work upon public works projects;

    d.    whether Defendant failed to pay Plaintiffs and the Rule 23 Class the lawful proper prevailing wage and supplemental benefit rate when they performed sprinkler service work upon public works projects; and

    e.    whether Defendant failed to ensure that Plaintiffs and the putative class were paid the prevailing wage and required supplemental benefits for all work performed on publicly financed construction projects, per contract terms statutorily required to be included in all public works contracts.

## COLLECTIVE AND CLASSWIDE FACTUAL ALLEGATIONS

28. Plaintiffs and members of the Rule 23 Class and FLSA Collective Action ("Class Members") were employed by Defendant Johnson Controls and/or its merger partner SimplexGrinnell LP.

29. Plaintiffs and Class Members performed sprinkler service work in that they, among other tasks: repaired, serviced and replaced existing sprinkler and standpipe systems; tested, inspected and maintained sprinkler and standpipe systems; and, did trouble shooting and analysis of sprinkler and standpipe systems to identify deficiencies, defects and problems.

30. Plaintiffs and Class Members did this sprinkler service work on publicly-financed construction projects such as Queens College, Lehman College, NYC Department of Corrections, NYS Developmental Disabilities Service Facilities, NYS Office of Mental Health, Jacoby Hospital, Bellevue Hospital, Hunter College, The Big Apple Economic Developmental Corporation, Metropolitan Transportation Authority, Triborough Bridge and Tunnel Authority and State University of New York Downstate Medical Center.

31. Class Members did the same sprinkler service work on other public works projects located in and around the City of New York.

32. Plaintiffs and Class Members frequently worked more than forty hours in a workweek.

33. As part of its regular business practice, Johnson Controls intentionally, willfully and repeatedly engaged in a pattern, practice and/or policy of violating the FLSA and the New York Labor Law. This pattern or practice includes, but is not limited to:

   a. willfully failing to pay Plaintiffs and the Class Members time and one half their lawful regular rate of pay, that of a steam fitter, for those hours worked in excess of forty per work week when they worked on a public job site;

   b. willfully failing to pay Plaintiffs and the Class Members their lawful, contractually agreed upon, regular rate of pay, that of a steam fitter, for those hours they worked on a public job site;

   c. willfully failed to post and/or keep posted a notice explaining employees' rights under the FLSA, in violation of 29 C.F.R. § 516.4.

34. Article 8 of the New York Labor Law requires that all contracts and subcontracts

entered into for the performance of public works in New York City include contract terms requiring that individuals who work pursuant to such contracts be paid the prevailing wage and supplemental benefits at rates to be determined by the New York City Comptroller.

35. Article 8 of the New York Labor Law requires both contractors and all subcontractors performing work on a public works projects to post the prevailing wage schedule and supplement rates at the job site.

36. Article 8 of the New York Labor Law requires contractors on public works projects to provide subcontractors with the schedule of prevailing wages and supplements.

37. Article 8 of the New York Labor Law requires that subcontractors on public works projects provide contractors with a verified statement attesting that the schedule of wages and supplements has been reviewed and received, and agreeing to pay the applicable prevailing wages and supplements.

38. Article 8 of the New York Labor Law requires both contractors and subcontractors to keep certified payroll records of the hours worked and hourly wage rates paid to all laborers like Plaintiffs on publicly financed construction projects.

39. Plaintiffs and Class Members did sprinkler service work but Defendant did not pay them the prevailing wage or supplemental benefits rate as required by said contract terms.

40. The statutorily required promise to pay and ensure payment of the prevailing wage, supplements, and overtime in the public works contracts was made for the benefit of all workers furnishing sprinkler service work on the sites of public works projects and, as such, Plaintiffs and Class Members furnishing such labor are the beneficiaries of that promise and the contracts entered into by Defendant and/or the contractor and government agencies.

41. Upon information and belief, at various times between 2015 and the present,

Defendant Johnson Controls and its merger partner, SimplexGrinnell LP, entered into contracts with government agencies and/or public benefit corporations, to provide sprinkler service work and employed Plaintiffs and Class Members to perform the required work, including but not limited to work on the public projects described above.

42. To the extent that Johnson Controls and its merger partner SimplexGrinnell LP did not expressly enter into contracts with government agencies and/or public benefit corporations it entered into a subcontract with that public project's general contractor which required, expressly or by operation of law, that it pay Plaintiffs and the Class Members the lawful prevailing wage, supplemental benefits and overtime as required by the above-mentioned contract or subcontract terms.

43. Defendant Johnson Controls willfully failed to pay Plaintiffs and Class Members engaged in such sprinkler service work on said public works projects the lawful prevailing wage, supplemental benefits and overtime as required by the above-mentioned contract terms.

44. In performance of Defendant's contracts and subcontracts on public works projects, Plaintiff and Class Members performed sprinkler service work as described above.

45. Defendant Johnson Controls and its merger partner, SimplexGrinnell LP, frequently failed to pay Plaintiffs and Class Members the correct prevailing wage rate, despite the fact that they were doing sprinkle service work.

46. Upon information and belief, Plaintiffs and Class Members were not paid their supplemental benefits at the steam fitter prevailing wage rate, but instead were paid at a substantially reduced rate by funds contributed to the Local 638 health, welfare and benefit funds.

47. Only as recently as early 2021 were Plaintiffs and Class Members paid one and

one-half times their lawful regular wage for hours worked in excess of forty in one week and the proper supplemental benefit rate when they worked on a public job site.

48. The prevailing wage rate for the occupation "Steamfitter" in New York City, as set by the New York City Comptroller's Office, was in excess of $57.00 per hour during 2019 and 2020.

49. The supplemental benefits rate for the occupation "Steamfitter" in New York City, as set by the New York City Comptroller's Office, was in excess of $57.00 per hour during 2019 and 2020. The supplemental benefit rate is to be paid for each hour worked.

50. At no time prior to early 2021 were Plaintiffs and Class Members paid $114.00 per hour (the relevant prevailing wage plus the supplemental benefit rate) for any hour worked doing sprinkler service work at any of above identified public works projects.

51. Instead, they were paid a rate for the occupation, "Refrigerator and Air Condition Mechanic," which is substantially lower than the rate legally required to be paid for the work they performed.

52. Defendant's unlawful conduct as herein described has been widespread, repeated and consistent.

### INDIVIDUAL FACTUAL ALLEGATIONS

53. Plaintiffs, who are all well trained and experienced steam fitters, worked for Defendant Johnson Controls, and its merger partner, SimplexGrinnell LP, for many years.

54. Plaintiffs Thomas W. Seiler and McCrossin are currently still employed by Defendant Johnson Controls.

55. All Plaintiffs worked on private and public job projects.

56. The public job projects they worked on include, but are not limited to, Queens

College, Lehman College, NYC Department of Corrections, NYS Developmental Disabilities Service Facilities, NYS Office of Mental Health, Jacoby Hospital, Bellevue Hospital, Hunter College, The Big Apple Economic Developmental Corporation, Metropolitan Transportation Authority, Triborough Bridge and Tunnel Authority and State University of New York Downstate Medical Center.

57.   Among other sprinkler service work tasks, all of the Plaintiffs repaired, serviced and replaced existing sprinkler and standpipe systems; tested, inspected and maintained sprinkler and standpipe systems; and, did trouble shooting and analysis of sprinkler and standpipe systems to identify deficiencies, defects and problems.

58.   Plaintiffs did this sprinkler work along with approximately 10-20 other Johnson Control employed sprinkler service employees at private and publicly financed buildings and job sites located in the City of New York and its environs.

59.   Upon information and belief, the City of New York, by and through its various agencies and departments, contracted with Defendant Johnson Controls to, among other things, install, service, replace, repair, maintain, test and inspect sprinkler and standpipe systems in and around various buildings and public job sites as described above.

60.   Plaintiffs and the Class Members performed this sprinkler service work in compliance with the relevant public works contracts.

61.   By law and pursuant to contract, Defendant Johnson Controls was required to pay Plaintiffs the lawful prevailing wage and supplemental benefits rate for the sprinkler service work they performed, but failed to do so.

62.   Rather than pay Plaintiffs approximately $57.00 per hour plus an additional approximately $57.00 per hour in supplemental benefits (in 2020, for example), Defendant

12

Johnson Controls paid Plaintiffs substantially less in wages and supplemental benefits.

63. Plaintiffs often worked more than 40 hours in a week, but Defendant Johnson Controls failed to pay them time and one-half their regular rate of pay, that being in excess of $57.00 per hour (in 2020), plus their correct amount of supplemental benefits pay.

64. As examples of Defendant's illegal pay practices, Plaintiff McCrossin worked 48 hours on a public job site during the week of April 17-23, 2020 and was not paid the proper wage and benefit rate and time and one-half the regular wage rate for the eight overtime hours he worked; Plaintiff Tetley worked 72 hours on a public job site during the week of May 18-24, 2018 and was not paid the proper wage and benefit rate and time and one-half the regular wage rate for the 32 overtime hours he worked; Plaintiff Nunez worked 52 hours on a public job site during the week of August 4-10, 2017 and was not paid the proper wage and benefit rate and time and one-half the regular wage rate for the 12 hours of overtime he worked; and, Plaintiff Nunez worked 70 hours on a public job site during the week of May 12-18, 2017 and was not paid the proper wage and benefit rate and time and one-half the regular wage rate for the 30 hours of overtime he worked.

## FIRST CAUSE OF ACTION

### (FLSA: UNPAID OVERTIME WAGES)

65. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 64 herein.

66. Defendant Johnson Controls engaged in a widespread pattern or practice of violating the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*

67. Plaintiffs consent in writing to be a party to this action, pursuant to 29 U.S.C. § 216(b). Plaintiffs' written consents are attached hereto and incorporated by reference.

68. At all times relevant to this action, Plaintiffs and the putative collective were employed by Defendant Johnson Controls and./or its merger partner SimplexGrinnell LP within the meaning of the FLSA, 29 U.S.C. § 203.

69. At all times relevant to this action, Plaintiffs and the putative collective were engaged in commerce and Defendant Johnson Controls was an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 206(a) and 207(a).

70. Defendant Johnson Controls willfully failed to pay Plaintiffs and the putative collective overtime compensation at a rate of not less than one and one-half times their lawful regular rate of pay (i.e., the steamfitter's prevailing wage rate) for each hour worked in excess of forty in a workweek, in violation of the FLSA, 29 U.S.C. § 207(a)(1).

71. Defendant Johnson Controls failed to keep appropriate and accurate payroll and time records as required by federal law.

72. Due to the FLSA violations committed by Defendant Johnson Controls, Plaintiffs and the collective have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

### (NYLL: UNPAID OVERTIME WAGES)

73. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 72 herein.

74. At all times relevant to this action, Plaintiffs and the putative Class were employed by Defendant Johnson Controls within the meaning of New York Labor Law Article 6 § 190.

75. Defendant Johnson Controls willfully violated the rights of Plaintiffs and the putative Class Members by failing to pay them overtime compensation at rates not less than one and one half times their lawful regular rate of pay for each hour worked in excess of forty in a workweek, in violation of New York Minimum Wage Act (New York Labor Law Article 12) and its regulations, N.Y.C.R.R. Sec. 142-2.2.

76. Defendant Johnson Controls willfully violated the rights of Plaintiffs and the putative Class Members by failing to pay them wages due and owing for work performed in violation of the New York State Labor law.

77. Due to the New York Labor Law violations committed by Defendant Johnson Controls, Plaintiffs and the putative Class Members are entitled to recover their unpaid overtime premium wages, reasonable attorneys' fees and costs of the action, pre-judgment and post-judgment interest, liquidated damages, and other compensatory and equitable relief pursuant to New York Labor Law Article 6 §§ 190 *et seq.*, and Article 19, §§ 650 *et seq.*

## THIRD CAUSE OF ACTION

### (BREACH OF THIRD-PARTY BENEFICIARY CONTRACT)

78. Plaintiffs repeat and reallege the allegations contained in paragraphs 1 through 77 herein.

79. Article 8 of the New York Labor Law, specifically § 220(3)(a), (b), requires that all contracts to which the state, public benefit corporation, or a municipal corporation is a party "shall contain a provision that each laborer, workman or mechanic, employed by such contractor, subcontractor or other person about or upon such public work, shall be paid the [prevailing] wage[]" and supplements for each hour worked.

80. The prevailing wage and supplement rates for Steamfitters in New York City for

15

2020, set by the New York City Comptroller, was in excess of $57.00 per hour in wages, plus approximately $57.00 per hour in supplemental benefits.[a]

81. The statutorily required incorporation of such terms into all public works contracts and subcontracts in the State of New York exists for the benefit of Plaintiffs and putative Class Members.

82. Defendant Johnson Controls breached their public works contracts and/or subcontracts by failing to pay Plaintiffs and the putative Class Members the proper prevailing wage and supplemental benefits rate for all hours worked doing sprinkler service work in performance of said contracts.

## **DEMAND FOR JURY TRIAL**

83. Plaintiffs demand a jury trial of all claims and causes of actions alleged in this Complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs, individually and on behalf of all others similarly situated, prays for the following relief:

    a.    That, at the earliest possible time, Plaintiffs be permitted to give notice of this collective action, or that the court issue such notice to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this court's issuance of court-supervised notice, been employed by Defendant Johnson Controls as sprinkler service workers. Such notice shall inform

---

[a] The prevailing wage rates referenced herein are only examples of the amount Defendant should have paid Plaintiffs and the Class Members for 2020. Calculation of the amounts owed Plaintiffs and the Class Members going back six years from the date of the filing of this Complaint can be ascertained by identifying the prevailing wage and supplemental benefit rates for the prior years.

      them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied their lawful overtime compensation;

b. Certificate of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

c. Designation of Gary Tetley, George Nunez, Thomas R. Seiler, Brian McCrossin and Thomas W. Seiler as representatives of the Class, and counsel of record as Class Counsel;

d. Unpaid overtime wages, attorneys' fees, costs, and interest pursuant to 29 U.S.C. § 201 *et seq.*, and New York Labor Law Article 6 § 198 1-a;

e. An additional and equal amount of unpaid wages as liquidated damages pursuant to 29 U.S.C. § 201 *et seq.*;

f. An additional and equal amount of unpaid wages as liquidated damages pursuant to New York Labor Law Article 6 § 198;

g. The difference between the wages paid to Plaintiffs and putative class members for non-overtime work on public works projects based on the proper, lawful prevailing wage plus supplemental benefit rate at the time, as determined by the New York City Comptroller, and interest on said sum; and,

h. Issuance of a declaratory judgment that the practices of Defendant Johnson Controls complained of herein are unlawful under the FLSA and New York State Labor Law.

Dated: New York, New York
April 28, 2021

                                      MENKEN SIMPSON & ROZGER LLP

By:   /s/   Bruce E. Menken
       Bruce E. Menken
       80 Pine Street, 33nd Floor
       New York, NY 10005
       Office: 212-509-1616
       Cellular: 973-432-1122