**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

COURTESY COPY

---

GARY TETLEY, THOMAS R. SEILER, GEORGE NUNEZ, BRIAN E. McCROSSIN and THOMAS W. SEILER, on behalf of themselves and all others similarly situated,

        Plaintiffs,

-against-

JOHNSON CONTROLS FIRE PROTECTION LP d/b/a JOHNSON CONTROLS,

        Defendant.

Case No.: 21-cv-03800-JGK

---

**ORDER GRANTING FINAL APPROVAL OF CLASS**
**AND COLLECTIVE ACTION SETTLEMENT**

This Court, having held a Final Approval Hearing on June 26, 2023, having provided notice of that hearing in accordance with the Preliminary Approval Order, and having considered all matters submitted to it in connection with the Final Approval Hearing and otherwise, and finding no just reason for delay in entry of this Order Granting Final Approval of Class and Collective Action Settlement and Dismissing Class Plaintiff's Claims (the "Final Approval Order" or this "Order") and good cause appearing therefore,

NOW, THEREFORE, IT IS HEREBY ORDERED THAT:

1. Unless otherwise defined, all capitalized terms in this Final Approval Order shall have the same meaning as they do in the Settlement Agreement, Dkt. No. 34-2.

2. The Court finds that the Settlement Agreement was negotiated at arm's length by experienced counsel who were fully informed of the facts and circumstances of the Action

and of the strengths and weaknesses of their respective positions. Further, settlement occurred only after a two-day mediation before a third-party neutral. Counsel for the Parties were therefore well positioned to evaluate the benefits of the Settlement Agreement, taking into account the expense, risk, and uncertainty of protracted litigation with respect to numerous difficult questions of fact and law.

3.   The Court makes the following findings and conclusions regarding notice of the settlement to the Class:

   a.   The Class Notice was disseminated to persons in the Settlement Class in accordance with the terms of the Settlement Agreement and the Class Notice and its dissemination were in compliance with the Court's Preliminary Approval Order;

   b.   The Class Notice:(i) constituted the best practicable notice under the circumstances to potential Class Members, (ii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, their right to object or to exclude themselves from the proposed Settlement, and their right to appear at the Final Approval Hearing, (iii) was reasonable and constituted due, adequate, and sufficient individual notice to all persons entitled to be provided with notice, and (iv) complied fully with the requirements of Fed. R. Civ. P. 23, 29 U.S.C. § 216, the United States Constitution, the Rules of this Court, and any other applicable law.

   c.   The Court finds that the notice obligations under the Class Action Fairness Act, 28 U.S.C. § 1715, have been met in connection with the proposed Settlement.

4.   The Court finally approves the Settlement Agreement as fair, reasonable and adequate pursuant to Fed. R. Civ. P. 23(e) and 29 U.S.C. § 216. *There were only two objections to the Settlement and those objections are overruled.* The terms and provisions of the Settlement Agreement, including all exhibits thereto, have been entered into in good

2

faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Class Members.

5. The Court approves the plan of distribution for the Settlement Amount as set forth in the Settlement Agreement, including the payment of up to $20,000 to the Settlement Administrator. The Settlement Administrator is ordered to comply with the terms of the Agreement with respect to distribution of Settlement Relief, including a further payment, if administratively feasible. Should any unclaimed funds be distributed, the Court hereby approves United Way of New York as *cy pres* recipient who shall receive a distribution of any funds resulting from unclaimed funds, *after approval by the Court*.

6. Class Counsel have moved for an award of attorneys' fees and reimbursement of expenses. In reference to such motion, this Court makes the following findings of fact and conclusions of law:

 a. that the Settlement confers substantial benefits on the Class Members;

 b. that the value conferred on the Class is immediate and readily quantifiable;

 c. that Class Members will receive cash payments that represent a significant portion of the damages that would be available to them were they to prevail in an individual action under the New York Labor Law and the Fair Labor Standards Act;

 d. that Class Counsel vigorously and effectively pursued the Class Members' claims before this Court in this complex case;

 e. that the Settlement was obtained as a direct result of Class Counsel's

3

advocacy;

   f. that the Settlement was reached following extensive negotiation between Class Counsel and Defendant's Counsel, and was negotiated in good faith and in the absence of collusion;

   g. that counsel who recover a common benefit for persons other than himself or his client is entitled to a reasonable attorneys' fee from the Settlement Fund as a whole. *See, e.g., Boeing Co. v. Van Gemert*, 444 U.S. 472, 478 (1980); *Blum v. Stenson*, 465 U.S. 866, 900 n.16 (1984).

11. Accordingly, Class Counsel are hereby awarded $~~$672,000.00~~ [handwritten: $475,755.00] for attorneys' fees [handwritten initials: JK] and $34,767.09 in litigation expenses from the Settlement Amount, which this Court finds to be fair and reasonable, and which amount shall be paid to Class Counsel from the Settlement Fund in accordance with the terms of the Settlement Agreement. Class Counsel shall be responsible for allocating and shall allocate this award of attorneys' fees, costs, and expenses that are awarded amongst and between Class Counsel.

12. The five Class Representatives are hereby compensated in the amount of $10,000 each for their efforts in this case.

13. The terms of the Settlement Agreement and of this Final Approval Order, including all exhibits thereto, shall be forever binding in all pending and future lawsuits maintained by Plaintiff and all other Class Members, and anyone claiming through them such as heirs, administrators, successors, and assigns.

14. The Releases, which are set forth in Section VI of the Settlement Agreement, are expressly incorporated herein in all respects. Upon the Effective Date, the Participating Class

4

Members and Class Representatives, by operation of the Judgment, be deemed to have fully, conclusively, irrevocably, forever, and finally released, relinquished, and discharged the Released Persons from the Released Claims.

16. This Order and the Judgment to be entered pursuant to this Order shall be effective upon entry. In the event that this Order and/or the Judgment to be entered pursuant to this Order are reversed or vacated pursuant to a direct appeal in the Action or the Settlement Agreement is terminated pursuant to its terms, all orders entered and releases delivered in connection herewith shall be null and void.

17. The Court approves the Settlement Agreement and Releases, and expressly integrates and embodies them into this Order. This Court shall retain jurisdiction over the construction, interpretation, consummation, implementation, and enforcement of the Settlement Agreement and the Releases contained therein, including jurisdiction to enter such further orders as may be necessary or appropriate to administer and implement the terms and provisions of the Settlement Agreement.

SO ORDERED.

Dated: 6/26/2023

_____
Hon. John G. Koeltl
U.S.D.C.